UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  07-20819-CIV-MORENO**

SONY COMPUTER ENTERTAINMENT AMERICA INC., a Delaware corporation,

    Plaintiff,

vs.

NASA ELECTRONICS CORPORATION, a Florida corporation, WORLD INTERNATIONAL TRADING, INC., a Florida corporation, REAL OUTLET D/B/A GIANNI IMPORTS, a California company, JAY ES PTE LTD., a Singapore Company, HUSSAIN ALA WIEH in his individual capacity, FLIPPO BOCCARA, in his individual capacity, MOHAN MANGLANI, in his individual capacity, and DOES 1 through 20,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT IN PART AND REJECTING IN PART

THIS CAUSE came before the Court upon Plaintiff's Motion for an Order to Preserve Evidence and for Temporary Restraining Order (**D.E. No. 4**), filed on **March 29, 2007**.  This matter was referred to United States Magistrate Judge Andrea M. Simonton on **April 2, 2007** (**D.E. 8**).  Magistrate Judge Simonton issued a Report and Recommendation (**D.E. 31**) on **April 13, 2007**.  Having reviewed the pleadings, argument of counsel, and being duly advised in the premises, it is

ADJUDGED that Magistrate Judge Simonton's Report is **ADOPTED IN PART** and

**REJECTED IN PART**.  This Court is satisfied that Plaintiff has demonstrated a combination of probable success on the merits, threat of irreparable injury in the absence of requested relief that outweighs any harm to Defendants during the pendancy of this action, and that the injunction is in the public interest.

## BACKGROUND

This Court has determined that there are four classes of equipment contemplated in this litigation produced by Plaintiffs: PlayStation ("PS"), PlayStation 2 ("PS2"), PlayStation Portable ("PSP"), and PlayStation 3 ("PS3"). The PS3 is region-free.  The PSP is largely region-free, although UMD movie playback is region-coded (paralleling DVD region-coding precisely) and certain games released for the PSP are also region-coded.  The PS and PS2 are both fully region-coded.  This Court's order shall apply only to the region-coded Sony systems (PS, PS2 and PSP) and not to the region-free PS3.  This includes all hardware variations on those particular systems (e.g. it includes both the original PS2, and the later "slim" revision, and similarly includes both the original PSP as well as the recent PSP-2000 revision) as well as all cosmetic variations (e.g. the Darth Vader PSP-2000).

## I. ANALYSIS

### A. The Standard for Granting a TRO/Preliminary Injunction

The parties agreed that this Court should treat the request for a temporary restraining order as a request for a preliminary injunction, and that the requirements for such relief in this case were the same:

> A party seeking a preliminary injunction for trademark infringement must establish four elements; (1) substantial likelihood of success on the merits;

> (2) that it would be irreparably harmed if injunctive relief were denied; (3) that the threatened injury to the trademark owner outweighs whatever damage the injunction may cause to the alleged infringer; (4) that the injunction, if issued, would not be adverse to the public interest.  It is well established in this circuit that "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion'" as to all four elements.

*Davidoff & Cie, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001) (internal citations omitted).

### B. The Plaintiff Has Met All Four Requirements for a Preliminary Injunction

This Court finds that the movant, Plaintiff, has met all four requirements for a preliminary injunction, and is entitled to such an injunction to protect its trademarks.

### 1. Plaintiff has a substantial likelihood of success on the merits.

The Eleventh Circuit has stated that the "resale of genuine trademarked goods generally does not constitute infringement" but that resellers are not permitted to sell trademarked goods that are "materially different" because such products are not genuine or authorized.  *Davidoff & CIE, S.A. v. PLD Intern. Corp.*, 263 F.3d 1297, 1301 (11th Cir. 2001).  There can be no dispute that a region-coded PlayStation system (1, 2 or Portable) from one region (e.g. North America) is "materially different" from the same system from another region (e.g. Japan), in that the two systems play mutually exclusive software and movies, while appearing almost identical.  Therefore, this Court finds that resale in the United States of region-coded PlayStation systems from foreign regions has a substantial likelihood of causing confusion.  Thus, there is a substantial likelihood of success on the merits.

Defendants' argument that there is no likelihood of confusion due to the existence

of a specialized, niche market catering to sophisticated consumers is without merit, and this Court rejects it completely.  The existence of a niche market - by definition, a small and specialized group - for savvy customers does nothing to demonstrate that systems from other regions would not confuse typical customers here in the United States.

**<u>2. Plaintiff would be irreparably harmed if injunctive relief were denied.</u>**

This Court is convinced that, based upon the evidence in the record, Plaintiff would be irreparably harmed if Defendants were permitted to continue to sell any form of PS, PS2 or PSP system from foreign regions.  Such sales would serve to contribute to the growth of a market in counterfeit software, wherein the distribution contracts of Plaintiff here in the United States would be interfered with, and where Plaintiff's support system would be subjected to the costs of confused and frustrated customers.  While *ex post facto* liability would remedy some of these damages, there would still be irreparable harm to the market and reputation of Plaintiff and its products.

Moreover, Plaintiff has shown that such sales would also injure Plaintiff in the South American markets by infringing upon Plaintiff's "right to exploit" that market by selling its branded merchandise in only areas of its own choosing.  Defendants misstate the law in claiming that Plaintiff's decision to not yet sell PlayStation products in South America somehow permits Defendants to do so.

In both these general areas, this Court is controlled by the Eleventh Circuit's declaration that "irreparable harm exists in a trademark case when the moving party shows it will lose control over the reputation of its trademark pending trial," as Plaintiff

will here.  *McDonald's Corporation v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (*quoting Power Test Petroleum Dist v. Calcu Gas*, 754 F.2d 91, 95 (2d Cir. 1983)).  If Defendants were permitted to continue selling PS, PS2 or PSP systems from other regions, each sale would serve to irreparably erode Plaintiff's control over its trademarks.

Defendant incorrectly asserts that "it defies logic that one would buy the more expensive game console in order to modify it in a manner that might ruin the unit." (**D.E. 53**, p.6).  Quite the opposite, the video game and computer modification community has an extensive history of immediately modifying incredibly expensive equipment, despite the risk.  Defendant erroneously assumes that the only interests involved are economic, ignoring the simple "thrill" of hacking.  The abundance of examples on the internet of individuals hacking apart their new PS, PS2, PSP, Xbox 360, Wii, etc. systems, not to mention non-video game devices such as iPods, iPhones, etc. reveals that this is not purely an economic decision.

### 3. There is a highly limited injury to alleged infringer.

"Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown to be infringing, such an argument in defense merits little equitable consideration."  *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988).  Defendants have provided no valid argumentation as to why their sales of foreign-region PS, PS2 and PSP systems are not direct infringement of Plaintiff's rights.  As such, they are entitled to little equitable consideration in this particular question.

Defendants allege that the value of the PS2 systems at the Port of Miami is substantial them, based on their size, and that delays are causing a continuing harm. This Court finds that the Defendants may not shield themselves with the fact that they chose this particular action as a substantial economic investment.  There is a substantial likelihood that Defendants will lose on the merits, and that all of its sales of foreign PS2s will be deemed to have violated Plaintiff's rights.  If that occurs, Defendants would not be able to limit their damages by saying that those sales are 'substantial', and so similarly that argument functions as no protection here.

This court disagrees with Defendants' "David and Goliath" argument, wherein they position Plaintiff as a multi-billion dollar enterprise only to claim that the sales by Defendants are not significant enough to injure the Goliath that is Sony.  This particular requirement for an injunction is not concerned with whether the injury to Plaintiff is a pinprick or a decapitation, so long as that harm is irreparable, and that the balance of harm in total weighs against the Defendants.  A pinprick upon Goliath, after all, may involve far more blood than a decapitation of mouse.  Defendants may not shield themselves in their relative size to Plaintiffs.

**4. The injunction is not adverse to public interest.**

"Consumers who purchase a particular product expect to receive the same special characteristics every time." *Davidoff & CIE, S.A.*, 263 F.3d at 1301.  This injunction will prevent Defendants from confusing such expecting consumers for the duration of this matter.  There are millions of PS, PS2 and PSP owners in the United States, with more

persons buying those systems every day. There is an undeniable interest in this Court protecting their ability to do so without being confused by Defendant or other such resellers. Defendant has not advanced any viable explanations for why such an injunction is contrary to the public interest.

### C. Plaintiff's Contract with its Japan Counterpart is Valid

This Court will not belabor the point that Defense lawyers grossly misrepresent contract law in their objections to the Magistrate Judge's Report and Recommendation. Plaintiff Sony Computer Entertainment American, Inc. has a valid exclusive license from its Japanese counterpart, Sony Interactive Entertainment as far as the evidence presented shows. Therefore any challenge to that license is specious at best. In September of 1996, Sony Computer Entertainment America, Inc. and Sony Interactive Entertainment, Inc. entered into a Format License for exclusive rights over the various PlayStation trademarks. That agreement required that any modifications be in writing. Defendants mistakenly argue that this clause precludes the existence of such rights in Plaintiff, because Plaintiff is not the same entity as was a party to the written agreement.

The Statute of Frauds permits oral contracts in all situations where the contract is for an indeterminate period and could be completed within a single year. *See e.g. Elliot v. Winslow,* 737 So. 2d 609, 610 (Fla. App. 1999). There is an important distinction between oral contracts which *could not* be completed within one year, and those which *could*: the former are invalid, the latter are valid. *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363 (Fla. App. 1984). By Defendants' own interpretation of the evidence, the oral contract in

question could have been terminated before a single year elapsed, and thus it does not violate the Statute of Frauds.

It is also unclear how Defendant - who is neither a party nor third-party beneficiary to any contract between SCEI and its wholly-owned subsidiary SCEA - has standing to challenge the validity of that contract. While Defendant alleges that under such an oral contract, they would be "at the whim of an invisible license", this Court sees no such effect. Defendant is no more "at the whim" of this contract than Defendant is "at the whim" of a homeowner's contract with a painter to re-do the building's walls.

### D. Plaintiff's Decisions on How to Market its Trademarks Do Not Indicate Any Acceptance of Sales Across Regional Lines

Defendants' absurdly claim that Sony's decision to mark PS2 boxes with highly visible region codes indicates that they were both aware and accepting of sales across regional lines (**D.E. 42**, p.4). This argument is analogous to stating danger warnings on toxic chemicals indicates that the manufacturer is accepting of people consuming those chemicals (and becoming ill), or that shoplifting signs that warn of punishment are somehow accepting of shoplifting. There can be no interpretation of the region-code markings other than as warnings to consumers about the limitations of the particular systems. This Court rejects Defendants' argument in this matter entirely.

### II. CONCLUSION

Thus it is

**ADJUDGED** that Plaintiff's Motion for an Order to Preserve Evidence and for

Temporary Restraining Order (**D.E. 4**) be **GRANTED IN PART.**

ADJUDGED that:

(1) Defendants NASA Electronics Corporation and World International Trading, Inc., including their agents, affiliates, officers, directors and those in privity with these defendants are preliminarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from distributing, selling, transporting, modifying, or altering any and all goods bearing the PlayStation® trademarks excluding the PlayStation 3 within the United States, except for distribution outside the United States.  The parties have stipulated that this injunction is effective immediately, and that no bond shall be required;

(2) United States Customs and Border Protection shall hold and preserve any and all goods bearing the PlayStation® trademarks excluding the PlayStation 3 presently in its custody that have been imported, pending further order of this Court;

(3) Defendants are temporarily enjoined and restrained, directly or indirectly, and whether alone or in concern with others, from removing any and all goods bearing the PlayStation® trademarks excluding the PlayStation 3 presently in Customs and Border Protection custody, or in Defendants' custody or control, and any and all goods that are imported during the pendency of this Order or otherwise come into Defendants' custody or control, until further notice of this Court;

(4) Defendants are temporarily enjoined and restrained, directly or indirectly, and whether alone or in concern with others, from distributing, selling, removing,

transporting, modifying or altering any and all goods bearing the PlayStation® trademarks excluding the PlayStation 3 presently in Customs and Border Protection custody, or in Defendants' custody or control, and any and all goods that are imported during the pendency of this Order or otherwise come into Defendants' custody or control, until further notice of this Court.

DONE AND ORDERED in Chambers at Miami, Florida, this _24_ day of October, 2007.

_____
FEDERICO A. MORENO

UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record